UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:15-CR-150-TAV-HBG |
|  | ) |  |
| VINCE ESTES BUCHANAN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se Motion for Compassionate Release or Home Detention Eligibility under the CARES Act [Doc. 80]. Defendant's motion does not mention the First Step Act by name, but given his request for compassionate release, the Court will treat his request as one for compassionate release under the First Step Act. Defendant also requests home detention under the CARES Act. As a basis for his motion, defendant cites the ongoing COVID-19 outbreak, the recent death of his twenty-two (22) year old son, and his medical condition. The United States opposes the motion arguing, inter alia, that defendant has not exhausted his administrative remedies under the First Step Act, and that the Court lacks authority to authorize home detention under the CARES Act [Doc. 81]. In light of defendant's failure to meet the First Step Act's mandatory exhaustion requirement, defendant's motion will be **DENIED without prejudice**.

**I.  Background**

On April 19, 2016, defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount

of oxycodone [Doc. 36]. On August 31, 2016, defendant was sentenced to 92 months imprisonment [Doc. 57].

Defendant subsequently filed the instant motion seeking "to make it home to [his] family" [Doc. 80]. The motion offers no evidence that defendant satisfied the First Step Act's exhaustion requirement [*Id.*].

The United States filed a response, arguing, inter alia, that the instant motion should be denied for failure to exhaust under the First Step Act and the Court's lack of authority to offer relief under the CARES Act [Doc. 81]. The United States does not waive defendant's failure to exhaust [*Id.*].

## II. First Step Act

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018 amended § 3582(c)(1)(A) to modify one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A).

The first step in considering a request for compassionate release is determining whether a defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement,[1] which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

As the Court has noted, the exhaustion requirement in § 3582(c)(1)(A) provides that before the Court may reduce a term of imprisonment pursuant to that section on a motion by the defendant either (1) the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) thirty (30) days must have lapsed since "the receipt of such a request by the warden of defendant's facility." § 3582(c)(1)(A).

In this instance, there is no indication that the defendant has made any attempt to exhaust his administrative remedies by first seeking relief from the Bureau of Prisons. In the absence of such a request, and in the absence of a waiver of that requirement by the

---

[1] The Court uses "exhaustion requirement" throughout the opinion to refer to § 3582(c)(1)(A)'s instruction that a court may consider a motion by a defendant after the defendant has fully exhausted his administrative rights or after the lapse of thirty (30) days since the warden's receipt of a request to move on defendant's behalf for a sentence reduction, whichever is earlier.

3

government, defendant's motion seeking compassionate relief under the First Step Act must be **DENIED without prejudice**.[2]

### III. CARES Act

Defendant also seems to seek relief under the CARES Act, asking that the Court designate that he be placed in home detention. Section 12003 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), presently and temporarily provides for expanded prisoner home confinement. The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. Accordingly, the Court lacks the authority to grant defendant relief under the CARES Act.

### IV. Conclusion

For the reasons discussed more fully above, defendant's motion [Doc. 80] is **DENIED without prejudice**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that defendant included in his motion a handwritten list of medications that he takes, but offered no medical records or other evidence sufficient to support a finding that he suffers from a serious medical condition. To the extent that defendant may choose to file another motion for compassionate release after exhausting his administrative remedies, such motion should include evidence of any medical condition defendant claims to suffer from.